UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**Charletta Harwell-Payne**

**On behalf of Herself and
all others similarly situated,**

      **Plaintiffs**

    **v.**                                                           **Case No. 20-CV-804**

**Cudahy Place Senior Living, LLC &
Matthews Senior Housing, LLC,**

      **Defendants.**

---

## COMPLAINT
---

    Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

    1.    This is an individual and collective action under the Fair Labor Standards Act against Cudahy Place Senior Living, LLC and Matthews Senior Housing, LLC to seek redress for their failure to pay to the Named Plaintiff minimum wage and overtime wages required by the FLSA and Wisconsin law.  Plaintiffs also seek to bring a collective action and class action against the individual defendants for all underpayment of minimum wage and overtime pay required by the FLSA to all employees at Matthews clinics throughout Wisconsin caused by requiring its employees to complete a temperature check and questionnaire on symptoms experienced before they are allowed to punch in.

### JURISDICTION AND VENUE

    2.    This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3. This Court has personal jurisdiction over both Defendants pursuant to Rule 4(k)(1)(a) of the Federal Rules of Civil Procedure because they are both subject to the jurisdiction of a court of general jurisdiction in the State of Wisconsin; and the Western District of Wisconsin is located in Wisconsin.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because Defendant Matthews Senior Living resides in this District, while both Defendants reside in the State of Wisconsin.

## THE PARTIES

5. Named Plaintiff Charletta Harwell-Payne worked as a certified nurse's assistant employed by the Defendants at Cudahy Place, where she was responsible for care for patients who resided at the facility. Plaintiffs are filing Harwell-Payne's FLSA consent form at the same time as this Complaint with the Court.

6. Defendant Cudahy Place Senior Living, LLC ("Cudahy Place") is a Wisconsin limited liability company located in Cudahy, Wisconsin; while Defendant Matthews Senior Living, LLC ("Matthews") is a Delaware Corporation registered with the State of Wisconsin that operates 18 assisted living facilities in Wisconsin including Cudahy Place. Both Cudahy Place and Matthews list their Principal Office on the Wisconsin Department of Financial Institutions Website as 101 North Wacker Drive, Suite 608, Chicago, IL 60606-1726. Cudahy Place and Matthews also share the same Wisconsin registered agent.

7. Both Cudahy Place and Matthews holds Cudahy Place out to the public as one of the 18 facilities operated by Matthews in Wisconsin. Thus, on Matthews' website Cudahy Place is listed as one of Matthews' 18 locations in Wisconsin; while Cudahy Place's email address is

cudahyplace @matthewsseniorliving.com; and its website states that Cudahy Place is a Matthews Senior Living Community.

8. Upon information and belief Cudahy place and Matthews do not engage in arm's length transactions with each other in that Matthews provides funding and services without compensation for Cudahy Place, while the profits generated by Cudahy Place, if any, are paid to Matthews. It therefore would not inequitable to limit the Plaintiff's recovery to Cudahy Place when Cudahy Place is presented to the public and its employees as and is operated as a branch location for Matthews.

9. Cudahy Place and Matthew Senior Living by virtue of their operation within Wisconsin are employers within the meaning of Wis. Stat. 109.03(1). Cudahy Place and Matthew Senior Living are also employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. 203, by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin. At all relevant times, Cudahy Place and Matthew Senior Living each has had annual gross volume of business at or above $500,000.

## FACTS

10. Throughout the entirety of Plaintiff's period of employment, Defendants automatically deducted a half-hour lunch from Plaintiff's checks.

11. Plaintiff sometimes did not receive an uninterrupted 30-minute lunch because she was called back to work during her meal break. While Plaintiff theoretically was allowed to submit a form documenting her unpaid meal break, when she did so the meal breaks that she worked through nonetheless were deducted from her worktime.

12. Similarly, while Plaintiff theoretically was supposed to obtain relief coverage for

her section of the facility while she took her lunch break, she often was not able to do so, so that she had to remain at Cudahy Place during her meal break because she was not relieved from having responsibility for her patients during her meal break.

13. Several times a week, either before or after her shift, a manager would instruct plaintiff to perform work either before she punched in on the time clock, or after she had already punched out on the time clock.

14. Defendants had a policy of paying employees for successfully recruiting new clients to move into the facility.

15. Plaintiff recruited new clients to become customers of Defendants, yet did not receive the promised commission.

16. Defendants had a policy to pay training pay to employees who trained new employees.

17. Plaintiff trained new employees and did not receive the training pay.

18. In the spring of 2020, when the pandemic began, Defendant Matthews implemented at each of its Wisconsin facilities a new policy of requiring employees to complete a temperature check and to fill out a symptom checklist before they are allowed to punch the time clock to punch in.

19. Plaintiffs could not perform work in proximity for residents who because of their age and frail health were especially vulnerable to serious illness from COVID-19 without first demonstrating to the Defendants that they likely were not infected with COVID-19.

20. The temperature checks and completion of the symptoms check list both protected other employees and residents of the Defendants from serious illness from COVID-19 and

mitigated the risks that the Defendants would have to shut down individual facilities because of COVID-19 outbreaks among residents and caretakers.

21. Plaintiffs' start times were sometimes rounded nearest to the time when they punched in on the time clock, which was more favorable to the Defendants than if the rounding had been done using the time when they began to either have their body temperature checked, or when they began to fill out the symptom questionnaires.

22. The Plaintiff would have received additional weekly overtime pay if her actual start times had been used for rounding, had she been paid for meal breaks that she worked through, or had she been paid for her off-the-clock work.

## COLLECTIVE ACTION ALLEGATIONS

23. Named Plaintiff brings her First Claim for Relief, pursuant to the Fair Labor Standards Act, on her own behalf and on behalf of all other similarly situated employees who worked at one of Matthews' Wisconsin facilities, and were not allowed to punch in on the time clock until after they had completed their temperature checks and symptom questionnaires.

24. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiffs and have claims similar to their first claim for relief.

25. The claims of the Named Plaintiff are representative of the claims of members of the proposed collective action in that she just like members of the proposed collective action worked at facilities with residents particularly vulnerable to receiving serious illness from COVID-19, and was required to punch in after rather than before they completed temperature checks and symptom questionnaires as required by the Defendants.

## CLASS ALLEGATIONS

26. Plaintiff seeks to represent the following classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly employees employed by Defendant Mathews at any of 18 facilities, who were required to complete a temperature check and/or a symptom questionnaire before they were allowed to punch in on the time clock.

27. The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief the policy in question was first implemented at Matthews' facilities in March of 2020, after which time several hundreds of hourly employees have worked at one or more of Matthews' facilities, and been subject to the uniform policy requiring them to complete the temperature check and symptoms questionnaire before they were allowed to punch in on the time clock.

28. These are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

   (a) Whether under Wisconsin law the employees' work of completing the temperature checks and symptoms questionnaires were integral and indispensable to their performance of their principal activities, so that under Wisconsin law the time constituted work time;

   (b) Whether Matthews was the employer under Wisconsin law for employees who worked at each of its Wisconsin facilities;

   (c) Appropriate methodology to measure damages sustained by the Plaintiffs because their recorded start time was determined by rounding their punch times rather than when they started work by beginning to complete the temperature check and/or the symptoms questionnaires.

29. Plaintiffs' claims are typical of those of the Rule 23 class in that they, just like the proposed class were not paid for their time spent completing the temperature checks and symptoms questionnaires.

30. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 class; and have retained counsel experienced in complex wage and hour litigation.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about the legality of the Defendant's pay practices.

**COUNT I.    CLAIM FOR UNPAID MINIMUM WAGE AND OVERTIME PAY UNDER THE FLSA.**

32. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-31 of the Complaint.

33. Based upon the totality of circumstances, the Plaintiff's completion of the temperature checks and symptom questionnaires was integral and indispensable for her performance of job responsibilities for the Defendants; so that said time spent constituted hours worked under Wisconsin law.

34. Defendants therefore violated the FLSA when they determined the Plaintiff's recorded start times by rounding her punch times rather than rounding when she actually started working earlier.

35. Defendants additionally violated the FLSA by failing to treat as hours worked time spent by the Plaintiff on lunch breaks that were interrupted by her performance of patient care and

other work responsibilities, her time spent performing work while she was not punched in on the clock as instructed by her supervisors, and her time spent training other employees.

36. Plaintiff therefore is entitled to additional overtime pay for all of her additional hours worked once her additional worktime as described in paragraphs 34 and 35 of the Complaint are included in determining her hours worked each week.

37. Because the Defendants had no reasonable grounds for believing that its methodology for non-compensation and compensation of its hourly employees complied with the FLSA, the Plaintiff is entitled to liquidated damages as well as the application of a three years statute of limitations.

38. The plaintiff is additionally entitled to her reasonable attorneys' fees incurred in prosecuting this first cause of action.

## COUNT II.  CLAIM FOR UNPAID WAGES UNDER WISCONSIN LAW.

39. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-38 of the Complaint.

40. The Defendants' practices described in paragraphs 33-35 of the Complaint violate Wisconsin law for the same reasons that they violated the FLSA.

41. Under Wisconsin law Plaintiff was entitled to be paid for meal breaks during which she was not allowed to leave Cudahy Place, even if she took 30 minutes or longer for those meal breaks.

42. Because Wisconsin law requires the payment of full wages rather than minimum wages, for all of her unpaid hours worked Plaintiff is entitled to recover straight time wages as well as overtime wages.

43. Because commissions promised by the Defendants for attracting residents to come to the facility constitute wages within the meaning of Wis. Stat. §109.01(3), the Plaintiff was entitled to receive the commissions that she earned while the Defendants' promise to pay the commissions had not been revoked.

44. Plaintiff is entitled to overtime pay computed using all compensation that she received as well as all compensation she should have but did not receive, such as her commission pay and training pay, for all of her actual hours worked over 40 per week.

45. By failing to pay to the Plaintiff all straight time and overtime wages required by the parties' agreement as well as Wisconsin's wage and hour statutes and regulations within 31 days of when the work was performed, Defendants violated Wis. Stat. §109.03(1), so that the Plaintiff is entitled to recover all wages owed to her, plus 50% of the unpaid wages as liquidated damages, plus her reasonable attorneys' fees and costs incurred in prosecuting this action.

WHEREFORE, the Plaintiff respectfully request the Court to enter an order that:

1. Finds that the Defendants are jointly and severally liable to her and the members of the proposed collective action for all minimum wage and overtime pay, plus 100% liquidated damages, and attorneys fees and costs arising out of their claims under the Fair Labor Standards Act;

2. Finds that Defendants are liable to her and the proposed class for all minimum wage, straight time pay, and overtime pay, plus 50% liquidated damages, and attorneys' fees and costs arising out of their claims arising under Wisconsin law.

Dated this 31st day of August, 2020.

/s/Yingtao Ho
Yingtao Ho
Email: yh@previant.com
Attorney for Plaintiffs

                                                The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI   53203
Telephone: 414-271-4500
Fax: 414-271-6308