IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLETTA HARWELL-PAYNE,
on behalf of herself and all others similarly situated,

                Plaintiff,

v.

CUDAHY PLACE SENIOR LIVING, LLC,
MATTHEWS SENIOR LIVING, ENCORE
MANAGEMENT AND DEVELOPMENT, and
ENCORE SENIOR LIVING,

                Defendants.

OPINION and ORDER

20-cv-804-jdp

---

Plaintiff Charletta Harwell-Payne seeks to bring a class and collective action under the Fair Labor Standards Act (FLSA) and Wisconsin wage law. She is suing her former employer, defendant Cudahy Place Senior Living, LLC, as well as three entities that she says operate Cudahy Place and other nursing homes in Wisconsin and Minnesota. She alleges that all defendants improperly accounted for meal breaks, failed to pay promised commissions, failed to pay for time spent training other employees, and required employees to submit to off-the-clock COVID-19 screening.

The question before the court is whether the case should be litigated in the Western District of Wisconsin or the Eastern. Cudahy Place is the only defendant that has appeared. Harwell-Payne has yet to file proof of service on the other three defendants. Cudahy Place moves to transfer this case to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404(a). Dkt. 32. Both Harwell-Payne and Cudahy Place reside in the Eastern District, the events underlying this case occurred in that district, and Harwell-Payne doesn't identify any strong reason to keep the case in this district. So the court will grant

the motion to transfer. Cudahy Place also moves to dismiss some of Harwell-Payne's claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. 29. Because the court is transferring the case, it will not rule on any motion involving the merits.

BACKGROUND

The background facts are drawn from the allegations in the complaint and the evidence submitted in connection with the motion to transfer.

Harwell-Payne worked as a "Med Aide" for Cudahy Place. Dkt. 28, ¶ 4. Cudahy Place is located in Cudahy, Wisconsin, a suburb of Milwaukee. Defendants say that Harwell-Payne also resides in Milwaukee County, citing court records from the Milwaukee County Circuit Court. Dkt. 34, ¶ 2. Harwell-Payne doesn't dispute that she resides in Milwaukee County.

Harwell-Payne alleges that Matthews Senior Living was Cudahy Place's "operator" because the Matthews Senior Living website "listed Cudahy Place as a location of Matthews Senior Living" and because Cudahy Place's website "state[s] that it is a Matthews Senior Living Community." Dkt. 28, ¶¶ 6–7. Harwell-Payne also alleges that Matthews Senior Living, Encore Management and Development, and Encore Senior Living are all the same entity. She includes the following allegations in her amended complaint to support this position:

- Matthews Senior Living and Encore Management have the same owners and officers.
- Encore Management's LinkedIn profile says that its website is http://www.matthewsseniorliving.com.
- Encore Senior Living and Encore Management have the same officers.
- Encore Senior Living's website includes a list of the same nursing homes, including Cudahy Place, that are listed as operated by Matthews Senior Living and Encore Management on LinkedIn profiles for Thomas Ostrom (Encore Management's owner) and "Weater" (whom Harwell-Payne doesn't identify).

2

*Id.*, ¶¶ 7–8.

According to Harwell-Payne, Encore Senior Living's website states that it operates four nursing homes located within the Western District of Wisconsin, in Portage, De Forest, Middleton, and Sun Prairie.

Cudahy Place denies that Matthews Senior Living, Encore Management, and Encore Senior Living are legal entities with the capacity to be sued. Harwell-Payne's complaint does not indicate what types of companies these entities are. And the court's search of the Wisconsin Department of Financial Institution's corporate records yields no active entities named "Matthews Senior Living," "Encore Management and Development," or "Encore Senior Living."[1]

ANALYSIS

Cudahy Place contends that transfer is required because the Eastern District is a more appropriate forum for this case under 28 U.S.C. § 1404(a) and because venue is improper under 28 U.S.C. § 1391. Because the court concludes that transfer is appropriate under § 1404(a), it doesn't need to consider the parties' arguments regarding venue.

Section 1404(a) allows a court to transfer a case to another district in which the case could have been brought if the transfer (1) will serve the convenience of the parties and witnesses; and (2) will promote the interest of justice. Cudahy Place has the burden of showing that transfer is appropriate. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

---

[1] *See* Wisconsin Department of Financial Institutions, https://www.wdfi.org/apps/CorpSearch/Search.aspx.

Harwell-Payne's primary argument is that her choice of forum is entitled to deference. The plaintiff's choice of forum is typically entitled to some deference, but under the circumstances of this case, the plaintiff's choice is not decisive. This is not plaintiff's home forum, and the Eastern District's connection to the dispute is far stronger than the Western District's, suggesting that she chose this forum not "for convenience, but rather for strategic advantage." *Holmes v. Sid's Sealants, LLC*, No. 16-cv-821-wmc, 2017 WL 3834806, *4 (W.D. Wis. Aug. 31, 2017). Harwell-Payne seeks to represent a collective under the FLSA, but it's doubtful that the collective will encompass any residents of this district. The additional entities that she seeks to sue haven't yet appeared, there's no indication that she has achieved service on any of them, and Cudahy Place denies that they are capable of being sued. And even if these entities do exist and can be sued, the court has no basis to infer that a significant proportion of collective members resides in this district. So the fact that she seeks to bring suit under the FLSA doesn't weigh much in her favor.

Other than plaintiff's choice of forum, she doesn't have much in her favor in the transfer analysis. In considering the convenience of the parties and witnesses, "courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Related factors in this inquiry "include the location of material events and the relative ease of access to sources of proof." *Id.* Cudahy Place contends that the convenience of the parties and witnesses favors transfer for several reasons, including: (1) Cudahy Place is much closer to the Eastern District's Milwaukee courthouse than to the Western District's Madison courthouse; (2) Harwell-Payne herself resides in Milwaukee County; (3) because this is a wage and hour case, likely witnesses will include Cudahy Place

4

supervisors, representatives, and employees residing in the Eastern District; and (4) the material events described in Harwell-Payne's amended complaint all occurred in the Eastern District.

Harwell-Payne contends that the additional distance between Cudahy Place and this district's courthouse isn't great enough to weigh in favor of transfer. She primarily relies on *Holmes*, 2017 WL 3834806, in which this court declined to transfer a proposed class action to the Eastern District even though the named plaintiff and the defendants resided in the Eastern District. But the plaintiff in *Holmes* identified a stronger connection to this district than Harwell-Payne has, alleging that he and the members of the proposed class "performed a substantial amount of work in the Western District on behalf of the defendants, at least some of which contributed to their claims in this case." *Id.* at *1. So his choice of forum was entitled to more deference than Harwell-Payne's.

Harwell-Payne also relies on *Wisconsin Department of Workforce Development v. United States Department of Education*, No. 18-cv-220-jdp, 2018 WL 3036415 (W.D. Wis. June 19, 2018), in which this court declined to transfer a case to the Eastern District. But the decision in that case, which involved a petition for judicial review of an arbitration panel's decision, depended on two significant considerations that are absent here: the court's review was strictly confined to the administrative record, and such petitions for judicial review are typically resolved without a hearing. *Id.* at *3. The inconvenience to the parties and witnesses of keeping this case in the Western District is not extraordinary, because Madison just isn't that far from Milwaukee. But it's a factor that weighs in favor of transferring the case to the district where the parties and witnesses are.

As for the interest of justice, this inquiry "relates to the efficient administration of the court system" and focuses on factors including the courts' relative speeds, the courts' relative familiarity with the relevant law, the desirability of resolving the dispute in one district over another, and the relationship of each community to the dispute. *Research Automation*, 626 F.3d at 978 (internal citations omitted). The first two factors don't weigh either for or against transfer. Cudahy Place contends that the Eastern District's docket is less congested than this district's because this district has a higher rate of cases per active judge. But the median time between filing and disposition is similar in the two districts (7.1 months in the Eastern District and 7.4 months in this district). Dkt. 34-3, at 7. Likewise, both courts are presumably equally familiar with the relevant law. But the latter two factors weigh in favor of transfer because the Eastern District's interest in this suit is plainly stronger than the Western District's. The core dispute in this case is between two residents of the Eastern District, making that district "closer to the action" underlying the case and weighing in favor of transfer. *Packman v. Prudential Ins. Co. of Am.*, No. 19-cv-1012-jdp, 2020 WL 4700642, at *2 (W.D. Wis. Aug. 13, 2020). So the interests of justice weigh in favor of transfer as well.

In sum, both the convenience of the parties and witnesses and the interests of justice weigh in favor of transfer. This district has only the most tenuous, speculative connection to the case, and Harwell-Payne hasn't identified any good reason to keep the case here. The court will grant Cudahy Place's motion to transfer the case.

ORDER

IT IS ORDERED that:

1. Defendant Cudahy Place Senior Living, LLC's motion to transfer, Dkt. 32, is GRANTED.

2. This case is transferred to the United States District Court for the Eastern District of Wisconsin.

Entered March 15, 2021.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge